IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RANDAL LEE BRYSON, #06452-088<br>Petitioner | * | |
| | * | |
| v. | | CIVIL ACTION NO. WDQ-07-414 |
| | * | |
| UNITED STATES OF AMERICA,<br>Respondent | * | |

**MEMORANDUM**

Before the court is a pro se petition for writ of habeas corpus filed by Randal Lee Bryson, an inmate at the Federal Transfer Center in Oklahoma City, Oklahoma, challenging the calculation of his federal sentence.[1] Bryson claims that his federal sentence should be deemed to run concurrently rather than consecutively with his Maryland state sentences. Counsel for respondent has filed an answer, seeking dismissal for failure to exhaust administrative remedies. Upon review of the pleadings, exhibits, and applicable law, the court determines a hearing is unnecessary. The petition will be denied and dismissed for the reasons that follow.

**Factual Background**

The following facts are undisputed. On January 12, 2001, a criminal complaint was filed and an arrest warrant was issued for Bryson in the January 10, 2001 robbery of the United States Post Office in Glen Daniel, West Virginia. On January 22, 2001, Anne Arundel County, Maryland

---

[1] Bryson filed this case on a preprinted 28 U.S.C. §2255 motion form in the United States District Court for the Southern District of West Virginia on January 22, 2007. At the time of filing, Bryson was incarcerated at the Federal Correctional Institution in Cumberland, Maryland. On February 12, 2007, the United States District Court for the Southern District of West Virginia deemed the petition properly construed pursuant to 28 U.S.C. §2241, and transferred it to this court. The West Virginia court further noted that if the pleading were reviewed under § 2255 motion, it was untimely. Transfer Order, Paper No. 2. By letter docketed on July 16, 2007, Bryson advised the court that he had been transferred to Federal Correctional Institution- McKean in Bradford, PA. According to the Federal Bureau of Prison inmate locator, Bryson is currently housed at the Federal Transfer Center in Oklahoma City.

authorities arrested Bryson on state charges of parole violation and he was detained in Baltimore, Maryland. Petitioner was held in continuous custody by the State of Maryland until his release to federal custody on February 5, 2001.

On February 1, 2001, Bryson, through a writ of habeas corpus ad prosequendum, appeared in federal court on charges of robbery of a United States post office, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). On March 13, 2001, Bryson pleaded guilty to the federal charges, and was sentenced to 282 months incarceration on September 4, 2001. *See United States v. Bryson*, Criminal Case No. 5:01-29 (D. W. Va). Bryson was returned to the Maryland Department of Corrections on April 30, 2001.

The Bureau of Prisons has calculated Bryson's federal sentence to begin on October 15, 2005, the date of his release from Maryland state custody. His projected release date with good conduct time is May 27, 2026. Bryson has not raised his claims through the Bureau of Prisons (BOP) Administrative Remedy Program.

**Exhaustion of Remedies**

A petitioner must exhaust administrative remedies before bringing a §2241 action. *See Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987). [2] The BOP has established an Administrative Remedy Program for inmates to resolve concerns related to their confinement. *See* 28 C.F.R. § 542.10 *et seq.* An inmate may first attempt informal resolution. If an inmate is unable to resolve

---

[2] *See e.g. Asare v. U.S. Parole Commission*, 2 F. 3d 540, 544 (4th Cir. 1993); *Pelissero v. Thompson*, 170 F.3d 442, 445 (4th Cir. 1999); *McClung v. Shearin*, 90 Fed. Appx. 444 (4th Cir. 2004); *Miller v. Clark,* 958 F. 2d 368 (4th Cir. 1992) (table). The purpose of the exhaustion requirement is to provide a possible solution to the inmate's claim, thereby obviating the need for litigation.

his complaint informally, he may file a formal written complaint on the proper form within twenty calendar days of the date of the occurrence on which the complaint is based. *See* 28 C.F.R. §542.14. If an inmate is not satisfied with the Warden's response to the formal complaint, he may appeal, using the appropriate form, to the Regional Director within twenty calendar days of the Warden's response. *See* 28 C.F.R. § 542.15(a). If the inmate is still dissatisfied, he may appeal the Regional Director's response to the Office of the General Counsel, located in the BOP Central Office in Washington, DC, using the appropriate forms. The inmate must file this final appeal within thirty calendar days of the date the Regional Director signed the response. *See id.* An inmate is not deemed to have exhausted his administrative remedies until he has pursued his grievance through all levels. *See* 28 C.F.R. §542.15(a).

## Conclusion

Bryson does not dispute that he has yet to exhaust his claims through the administrative process. Accordingly, the petition will be dismissed without prejudice for failure to exhaust administrative remedies.

December 21, 2007                               /s/
Date                                      William D. Quarles, Jr.
                                           United States District Judge